UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE TERRELL BROWN**<br>    LA. DOC #432458<br>VS. | **CIVIL ACTION NO. 3:13-cv-2532**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN BILLY TIGNER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Terrance Terrell Brown, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on August 22, 2013. Petitioner attacks his 2006 conspiracy to commit armed robbery conviction in the Fourth Judicial District Court under Criminal Docket Number 05-F2501. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636, Rule 10 of the Rules Governing Section 2254 Cases in the District Court, and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because it is successive and this Court lacks jurisdiction to consider his claims.

*Statement of the Case*

Petitioner was convicted of conspiracy to commit armed robbery in 2006. His sentence was suspended and he was placed on supervised probation. His probation was ultimately revoked when he violated the terms of probation. Petitioner initially attacked that conviction in a petition for writ of habeas corpus filed in this court on December 9, 2010, in which he claimed (1) illegal revocation hearing, (2) double jeopardy, (3) actual innocence, (4) unlawful arrest, search, and

seizure, (5) unresponsive guilty plea, (6) unlawful arrest for probation violation, and, (7) ineffective assistance of counsel. His petition was dismissed with prejudice on December 15, 2011. *See Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885 at Doc. 17. Petitioner's request for a Certificate of Appealability (COA) was denied by the Fifth Circuit Court of Appeals on April 16, 2012. *Terrance T. Brown v. Alvin Jones, Warden*, No. 12-30044.

On December 14, 2012, petitioner again attacked his 2006 conviction by filing another petition for *habeas corpus* in this Court. He again raised claims of illegal search and seizure, double jeopardy and illegal sentence, and ineffective assistance of trial counsel. *Terrance Terrell Brown v. Warden Billy Tigner*, Civil Action No. 3:12-cv-3107. On March 8, 2013, the Court determined that the petition was successive and directed that it be dismissed with prejudice.

While that matter was pending, petitioner sought authorization from the Fifth Circuit Court of Appeals to file a successive petition. He argued claims of (1) illegal sentence, (2) illegal search and seizure, (3) ineffective assistance of counsel. On June 11, 2013, authorization was denied. *In re Terrance Terrell Brown*, No. 12-31264.

Petitioner filed the instant petition on August 22, 2013. Once again he seeks to collaterally attack his 2006 conviction for conspiracy to commit armed robbery, this time claiming that (1) he was the victim of an illegal search and seizure, (2) failure of the State to disclose exculpatory evidence in the form of statements made by the victim, (3) factual innocence, and, (4) ineffective assistance of counsel.

### *Law and Analysis*

This petition attacks the same conviction and sentence that petitioner attacked in Civil Action Nos. 3:10-cv-1885 and 3:12-cv-3107, and in his request for permission to file a

successive habeas petition filed in the Fifth Circuit as *In re Terrance Terrell Brown*, No. 12-31264.

It appears that the instant petition is therefore successive. As petitioner is apparently aware, given his previous filings here and in the Fifth Circuit, before a *habeas* petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* was, as shown above, dismissed with prejudice; and his request for a COA was denied by the Fifth Circuit Court of Appeals. The instant petition, which attacks the same conviction and sentence is yet another attempt to collaterally attack in Federal court, his Louisiana conviction for conspiracy to commit armed robbery. As petitioner is aware, given the proceedings pending in the Fifth Circuit, before a *habeas* petitioner may file a second

or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  A review of the Fifth Circuit's PACER case index reveals that petitioner has not applied for authorization to file a successive petition. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be deemed successive and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

 In Chambers, Monroe, Louisiana, September 8, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE